UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADLEY JOSEPH LAWRENCE SAVOY | CIVIL ACTION |
| VERSUS | NO: 25-660 |
| NEW ORLEANS POLICE DEPARTMENT, ET AL. | SECTION: "A" (3) |

**ORDER**

The plaintiff, Bradley Joseph Lawrence Savoy, filed this lawsuit in proper person claiming that he has endured repeated violations of his constitutional rights through the nonconsensual administration of psychotropic medication.[1] On August 15, 2025, this civil action was reassigned when the previous district judge recused herself. (Rec. Doc. 64). Eighteen motions were pending when the Court received the case and fifteen of those motions were filed by Plaintiff. Plaintiff has filed four additional motions so twenty-two motions are now pending.

The first incident is alleged to have occurred in September 2024 when Plaintiff sought assistance at Tulane Hospital. He was mocked so he refused treatment and left the building to head to an RTA bus stop. At the bus stop the Tulane University Police detained him where with the assistance of EMS and Acadian Ambulance he was injected against his will and transported to UMC where he was later released. (Rec. Doc. 51, Amended Complaint ¶ 3(a)). Plaintiff complains that RTA staff should have

---

[1] Plaintiff currently resides in transition housing in Locust Grove, Oklahoma. Plaintiff advises that he was a resident of New Orleans at the time of the incidents giving rise to his lawsuit.
  The record contains a copy of a mental health order entered in response to a 2021 criminal charge against Plaintiff in Oklahoma. Plaintiff was examined by a doctor and found to be incompetent and mentally ill and in need of treatment. (Rec. Doc. 26-1). The charge in that case was assault and/or battery on an emergency medical technician and assault with a dangerous weapon.

intervened to protect his rights and having failed to do so bears responsibility under 42 U.S.C. § 1983. (*Id.* ¶ 3(f)).

The second incident is alleged to have occurred on January 2, 2025, when a private security guard near Bourbon Street falsely accused Plaintiff of praising the Bourbon Street terrorist attack. Plaintiff was detained by NOPD, handcuffed, and transported to UMC, where he was undressed by two women while two men watched. Plaintiff alleges that he was held for several days without consent. (Amended Complaint ¶ 3(c)).

Then in February 2025, Plaintiff alleges that he had gone to his storage unit where he was approached by NOPD. He asked for Narcan due to possible poisoning but he was mocked by EMS and denied care. Even though Plaintiff was clear in that he refused treatment, Tulane PD forcibly held him down while a hospital nurse administered an unwanted injection. (*Id.* ¶ 3(d)).

Finally about 9 months ago, a family member drove Plaintiff to Ochsner Baptist where the staff mocked him, undressed him, and injected him. A CT scan of his brain was conducted even though he had presented for diarrhea.[2] (*Id.* ¶ 3(e)).

Based on these allegations, Plaintiff asserts three claims: 1.) violation of his constitutional rights under 42 U.S.C. § 1983, asserting violations of his Fourth and Fourteenth Amendment rights, 2.) medical battery, and 3.) negligence.

---

[2] The foregoing allegations are taken from Plaintiffs' amended complaint, which is the subject of a pending motion for leave to file (Rec. Doc. 51). The original complaint contains only vague allegations of non-consensual medical treatment (injection of psychotropic medication) at unspecified times between 2024 and January 2025, by various unspecified medical professionals assisted by various unspecified law enforcement officers and/or security personnel who allegedly restrained the plaintiff.

Defendants University Medical Center ("UMC") and LCMC Health Emergency Care Downtown, improperly named as Tulane University Hospital ("LCMCHEC"), have filed a meritorious motion to dismiss all state law claims asserted against them. Defendants point out that the state law claims are premature given that Plaintiff's claims of medical battery and negligence sound in medical malpractice yet Plaintiff did not first present his claims to a medical review panel as required under Louisiana law. La. R.S. § 40:1231.8, *et seq.* Thus, the state law claims against these defendants must be dismissed without prejudice.

Further, Plaintiff's § 1983 claim against these defendants is not viable because the conduct by the moving defendants does not involve state action, which is a necessary component of a § 1983 claim. *See White v. City of New Orleans*, No. 19-11911, 2020 WL 2844845, at *6 (E.D. La. May 29, 2020) (Vitter, C.J.). Thus, the federal claims against these defendants must be dismissed with prejudice.[3]

Defendant Ochsner Clinic Foundation, improperly named in the complaint as Ochsner Hospital, has filed a meritorious motion to dismiss all state law claims asserted against Ochsner. Ochsner points out that the state law claims are premature given that Plaintiff's claims of medical battery and negligence sound in medical malpractice yet Plaintiff did not first present his claims to a medical review panel as required under Louisiana law. La. R.S. § 40:1231.8, *et seq.* Thus, the state law claims against this defendant must be dismissed without prejudice.

Further, Plaintiffs' § 1983 claim against this defendant is not viable because the conduct by the moving defendant does not involve state action, which is a necessary

---

[3] The Court notes that any attempt to amend the complaint to restate the claims against the moving defendants would be futile.

component of a § 1983 claim. *See White v. City of New Orleans*, No. 19-11911, 2020 WL 2844845, at *6 (E.D. La. May 29, 2020) (Vitter, C.J.). Thus, the federal claims against this defendant must be dismissed with prejudice.[4]

Defendant the City of New Orleans has filed a meritorious motion to dismiss Plaintiff's § 1983 claims against the City. Under federal law, a municipality cannot be held liable for a civil rights violation simply because it employs a tortfeasor. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978). Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or custom that was the cause of his injury. *Bd. of County Commr's v. Brown,* 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris,* 489 U.S. 378, 389 (1989)). Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Id.* (citing *Monell*, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. *Id.* (citing *Monell*, 436 U.S. at 690-91).

It is not enough, however, for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Id.* The plaintiff must also demonstrate that

---

[4] The Court notes that any attempt to amend the complaint to restate the claims against the moving defendants would be futile. For the same reason, an opposition memorandum would have made no difference to the outcome of Ochsner's motion to dismiss. The Court makes this point because Ochsner's motion has a scheduled submission date of September 3, 2025.

through its deliberate conduct the municipality was the "moving force" behind the injury alleged. *Brown*, 520 U.S. at 404. In other words, the plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id.*

Plaintiff alleges no facts from which an inference may be made the City has adopted a policy that its police officers participate in the non-consensual administration of medications. Under federal law the City is not vicariously liable for the acts of its police officers. Thus, the federal claims against the City of New Orleans must be dismissed with prejudice.[5] The City may however be liable under state law for the state law torts of its employees.

On July 25, 2025, the magistrate judge entered a Report and Recommendation addressing Plaintiff's Motion for Appointment of Counsel (Rec. Doc. 18). The magistrate judge recommended that the motion be denied. (Rec. Doc. 32). The Court agrees and denies the motion.

Plaintiff has filed three motions to stay this matter while he gathers his resources to pursue litigation. The Court will grant those motions. The litany of motions that the plaintiff has pending will be dismissed as premature.

Accordingly and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 14)** filed by University Medical Center and LCMC Health Emergency Care Downtown, improperly named as

---

[5] The Court notes that Plaintiff's proposed amended complaint contains no new allegations to support the existence of a policy for purposes of a *Monell* claim.

Tulane University Hospital, is **GRANTED**. The state law claims are dismissed without prejudice and the federal claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 46)** filed by Ochsner Clinic Foundation, improperly named in the complaint as Ochsner Hospital, is **GRANTED**. The state law claims are dismissed without prejudice and the federal claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 17)** filed by the City of New Orleans and the New Orleans Police Department is **GRANTED IN PART** insofar as the federal claims against the City of New Orleans are dismissed with prejudice. The motion is **DENIED** as to the state law claims against the City of New Orleans. All claims against the New Orleans Police Department are dismissed with prejudice.[6]

**IT IS FURTHER ORDERED** that the Court, having considered the pleadings, the record, the applicable law, and the Report and Recommendation of the United States Magistrate Judge, hereby approves the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 32) and adopts it as its opinion in this matter. The plaintiff's **Motion for Appointment of Counsel (Rec. Doc. 18)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motions to Stay (Rec. Docs. 67, 68, 69)** filed by the plaintiff are **DENIED** insofar as the Court has determined that the stay should not apply to the meritorious motions to dismiss that have been addressed above.

---

[6] In the CM/ECF system the City's motion to dismiss included the New Orleans Police Department as a movant but the motion itself does not mention the New Orleans Police Department. Nonetheless, it is well recognized that as a matter of law the New Orleans Police Department is not a juridical entity capable of being sued. *Winn v. City of New Orleans*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013) (citing cases).

The motion is **GRANTED** as to the remaining aspects of the case. The Clerk of Court is instructed to administratively close this matter.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions **(Rec. Docs. 25 31 37 41 42 48 49 51 57 58 60 61 65 66 71 74)** are **DISMISSED** as premature.

August 22, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE