UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADLEY JOSEPH LAWRENCE SAVOY | CIVIL ACTION |
| | NO. 25-660 |
| VERSUS | |
| | SECTION "A" (3) |
| NEW ORLEANS POLICE DEPARTMENT ET AL. | |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Appoint Counsel, Motion for Protective Order, and Motion for Preservation of Evidence (R. Doc. 90) by *pro se* Plaintiff, Bradley Joseph Lawrence Savoy. The motion is denied for the following reasons.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." A plaintiff in a civil rights case, however, has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court, in its discretion, may appoint counsel to represent a plaintiff in a § 1983 proceeding "if doing so would advance the proper administration of justice." *Id.* at 213. Thus, the court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the plaintiff is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting

1

testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213.

As explained by the Court's previous report and recommendation denying appointment of counsel, Plaintiff has not identified any extraordinary circumstances:

> Excessive force and involuntary medical treatment claims, like those in this case, are not considered complex and require no difficult investigation to determine the alleged actions taken by Defendants. *See, e.g.*, *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force); *see also*, *Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) ("[T]he legal contours of excessive force claims are well-established and not particularly complex."). Plaintiff's case likely will involve mostly factual questions and possible conflicting testimony, as is the nature of litigation. However, such conflicts are not indicative of unusual or exceptional circumstances requiring assistance of counsel. *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) ("conflicting testimony" are among the "common elements in civil rights cases" and does not necessarily "rise to the level of exceptional circumstances.").[1]

Although Plaintiff is indigent and lacks formal legal training, the frequency[2] and detail of Plaintiff's filings demonstrate that he is capable of adequately presenting his case. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) ("Jackson has filed ten different items ranging from his original complaint to the notice of appeal that brought this matter before this court."); *see Gilbert v. French*,

---

[1] R. Doc. 32. The report and recommendation was adopted by the District Judge. R. Doc. 76.

[2] *See* R. Doc. 76 at 1 ("Eighteen motions were pending when the Court received the case and fifteen of those motions were filed by Plaintiff. Plaintiff has filed four additional motions so twenty-two motions are now pending.").

364 F. App'x 76, 85 (5th Cir. 2010) (affirming denial of counsel given "the detailed arguments" the plaintiff had presented). Thus, Plaintiff has not demonstrated exceptional circumstances justifying the appointment of counsel.

In his motion, Plaintiff also seeks a protective order against the Jefferson Parish Sheriff's Office and New Orleans Police Department.[3] Plaintiff requests that the Court enter a protective order "preventing retaliation, intimidation, and interference," and prohibiting those entities from contacting Plaintiff without court supervision.[4] Plaintiff does not present any authority which allows the Court to issue such an order. Moreover, Plaintiff only raises a "concern" that those entities could engage in such activities.[5] Accordingly, the Plaintiff's request for a protective order must be denied.

Plaintiff also requests an order requiring Defendants to preserve evidence. There is no indication, however, that Defendants intends to violate its obligation to preserve evidence. The fact that most of the Defendants are represented by counsel and are on notice of this lawsuit bolsters this conclusion.

Accordingly,

**IT IS ORDERED** that the Motion (R. Doc. 90) is **DENIED.**

---

[3] R. Doc. 90 at 2, 5.
[4] *Id*. at 3.
[5] *Id*.

3

New Orleans, Louisiana, this 27th day of March, 2026.

 

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

4